IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 04–84–GF–CCL |
| Plaintiff, | |
| vs. | ORDER |
| JOHN MEADE OGBURN, | |
| Defendant. | |

Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which is deemed to have been filed on October 26, 2015. (Doc. 143.) Defendant filed a previous section 2255 motion, which was denied on June 21, 2010, (Doc. 118), but the instant motion is not a second or successive petition because it presents a ground that was not ripe during the first habeas proceeding. *See Stewart v. United States*, 646 F.3d 856, 860 (11th Cir. 2011); *see also United States v. Buenrostro*, 638 F.3d 720, 724 (9th Cir. 2011) (claims not ripe during first habeas proceeding not subject to gate-keeping provision of section 2255(h)). The parties requested that this section 2255 motion

be stayed pending final decision in a pending appeal in the Ninth Circuit. (Doc. 151). That appeal was finalized on December 20, 2016. *United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016).

Defendant Ogburn was convicted by jury trial on November 10, 2004, of the offense of Conspiracy to Distribute more than 500 grams but less than 1.5 kilograms of methamphetamine, in violation of 21 U.S.C. § 846. Prior to trial, the government filed a section 851 Information charging Defendant with a prior felony drug conviction. (Doc. 32.) At the conclusion of the trial, the jury's verdict found specifically that Defendant conspired to distribute more than 500 grams but less than 1.5 kilograms of methamphetamine. The jury's verdict also found specifically that Defendant possessed a firearm during the commission of his offense. (Doc. 49.)

During the March 3, 2005, sentencing hearing, Court found that Defendant did have a prior felony drug conviction (*see* Doc 64-2, PSR ¶ 35) and that the enhanced penalty provision of a twenty-year mandatory minimum was applicable pursuant to 21 U.S.C. § 841(a)(1) (Doc. 64.). In addition to the twenty-year mandatory minimum sentence, the Court found that Defendant's guideline range

(before application of the mandatory sentence) was 235-293 months.  The Court imposed a term of custody of 260 months, followed by ten-year term of supervised release.  Defendant's conviction was affirmed on appeal.  *United States v. Ogburn*, 176 Fed.Appx. 734 (9th Cir. 2006) (unpublished).  Defendant's sentence was returned to the district court on a limited remand to reconsider the sentence under an advisory Sentencing Guidelines protocol, but after this Court reaffirmed Defendant's sentence, the Ninth Circuit panel found that it was not unreasonable and the sentence was affirmed.  *United States v. Ogburn*, 234 Fed.Appx. 621 (9th Cir. 2007) (unpublished).

On September 18, 2008, Defendant Ogburn filed his first section 2255 motion to vacate, set aside, or correct sentence.  (Doc. 106.)  This Court denied that section 2255 motion on June 10, 2010.  (Doc. 118.)

On October 8, 2015, this Court reduced Defendant's sentence to the mandatory minimum 240 months when it granted Defendant's motion pursuant to 18 U.S.C. § 3582(c)(2) for reduction pursuant to Amendment 782, United States Sentencing Guidelines.  (Doc. 134.)

Defendant now challenges the application of the twenty-year mandatory

minimum sentence in a section 2255 motion. Defendant asserts that, without the mandatory minimum sentence, his guideline range (which was ultimately 240-293 months) should be recomputed without reference to the § 851 penalty enhancement based upon his prior drug felony conviction. Defendant asserts that he has a new law, fact, or evidence that justifies his failure to bring this claim before the Court within the one-year period of limitations applicable to section 2255 motions. 28 U.S.C. § 2255(f).

The new law or fact arises pursuant to passage of Proposition 47 by California voters on November 4, 2014, effective on the next day, which had the effect of allowing certain convicted felons to request redesignation of their felonies as misdemeanors. *See* Cal. Penal Code § 1170.18(f).[1] This Defendant

---

[1] "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." § 1170.18(f).
 This statute also provides that "[n]othing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." § 1170.18(n).

Ogburn has done, and his 1999 felony conviction for possession of a controlled substance (methamphetamine), see PSR ¶ 35, was redesignated as a misdemeanor by the Glenn County Superior Court (Willows, California) on May 6, 2015. (Doc. 122-1.) The Court notes, however, that Defendant's felony drug conviction was not vacated and that Defendant actually served almost 4 years for this drug offense (one year and eight months served of the original 3 year prison term, plus an additional 24 months over the course of three revocations). (Doc. 64-2, PSR ¶ 35.) Defendant asks that his Criminal History Category be recomputed and that he be re-sentenced without the twenty-year mandatory minimum.

However, Defendant Ogburn's claim is foreclosed by *Diaz*, which is a similar case in the Ninth Circuit that explains Proposition 47's effect on an § 841 sentencing enhancement. In that case, a Ninth Circuit panel holds that "California's Proposition 47, offering post-conviction relief by reclassifying certain past felony convictions as misdemeanors, does not undermine a prior conviction's felony-status for purposes of § 841. California's later actions cannot change the fact that [the defendant] committed his federal offense 'after . . . a

felony drug offense [had] become final.'" *Diaz*, 838 F.3d at 974.  The *Diaz* holding governs this case, requiring the same result here, and therefore the Court concludes that Defendant's section 2255 motion for sentence reduction must be denied.  Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 143) is DENIED.

Finding that the Defendant has failed to make a substantial showing of the denial of a constitutional right and that no jurist of reason would debate the correctness of denying Defendant collateral relief, IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk shall notify the Defendant of entry of this Order.

Done and Dated this 21st day of March, 2017.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE