# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN MEADE OGBURN,<br><br>Defendant. | CR 04-84-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant John Meade Ogburn (Ogburn) has been accused of violating the conditions of his supervised release. Ogburn admitted all of the alleged violations. Ogburn's supervised release should be revoked. Ogburn should be placed in custody for 3 months, with 33 months of supervised release to follow. Ogburn should serve the first 60 days of supervised release in a secure inpatient drug treatment facility such as Connections Corrections.

## II. Status

Ogburn was found guilty of Conspiracy to Distribute Methamphetamine on November 10, 2004, following a jury trial. (Doc. 45). United States District Judge Charles C. Lovell sentenced Ogburn to 260 months of custody, followed by

10 years of supervised release. (Doc. 64). Judge Lovell reduced Ogburn's term of custody to 240 months on October 8, 2015. (Doc. 134). Chief United States District Judge Brian Morris reduced Ogburn's term of supervised release to 3 years on May 16, 2023. (Doc. 160). Ogburn's current term of supervised release began on July 3, 2023. (Doc. 164 at 1).

**Petition**

The United States Probation Office filed a Petition on February 14, 2024, requesting that the Court revoke Ogburn's supervised release. (Doc. 164). The Petition alleged that Ogburn had violated the conditions of his supervised release: 1) by using controlled substances on two separate occasions; and 2) by failing to notify his probation officer that he had a contact with law enforcement.

**Initial appearance**

Ogburn appeared before the undersigned for his initial appearance on February 20, 2023. Ogburn was represented by counsel. Ogburn stated that he had read the petition and that he understood the allegations. Ogburn waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

2

**Revocation hearing**

The Court conducted a revocation hearing on March 6, 2024. Ogburn admitted that he had violated the conditions of his supervised release: 1) by using fentanyl on two separate occasions; and 2) by failing to notify his probation officer that he had a contact with law enforcement. The violations are serious and warrant revocation of Ogburn's supervised release.

Ogburn's violations are Grade C violations. Ogburn's criminal history category is V. Ogburn's underlying offense is a Class A felony. Ogburn could be incarcerated for up to 60 months. Ogburn could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 7 to 13 months.

### III.  Analysis

Ogburn's supervised release should be revoked. Ogburn should be incarcerated for 3 months, with 33 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Ogburn should serve the first 60 days of supervised release in a secure inpatient drug treatment facility such as Connections Corrections.

## IV. Conclusion

The Court informed Ogburn that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Ogburn of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Ogburn that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That John Meade Ogburn violated the conditions of his supervised release: by using fentanyl on two separate occasions; and by failing to notify his probation officer that he had a contact with law enforcement.

The Court **RECOMMENDS:**

> That the District Court revoke Ogburn's supervised release and commit Ogburn to the custody of the United States Bureau of Prisons for 3 months, with 33 months of supervised release to follow. Ogburn should serve the first 60 days of supervised release in a secure inpatient drug treatment facility such as Connections Corrections.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will

4

make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 7th day of March, 2024.

John Johnston
United States Magistrate Judge